No. 22,069.

JOSEPH CRANE, *Appellant*, v. W. W. COONS and R. G. JACOBS, Partners, etc., et al., *Appellees.*

### SYLLABUS BY THE COURT.

1. REAL-ESTATE AGENTS—*Contract for Sale of Principal's Land Executed by Agents—Personal Contract of Agents.* A written agreement for the sale of a tract of land by the defendants, who were real-estate agents, to the plaintiff, who was the buyer, and which expressly provided that it was subject to the consent of the owner, is *held* to have been the personal contract of defendants; and *further held*, that they were not in any sense agents for the purchaser, although they took title to the land from the owner for the purpose of enabling them to carry out their contract with the buyer. (*McMichael v. Land Co.*, 104 Kan. 778, 180 Pac. 777.)

2. SAME—*Default of Purchaser—Specific Performance Denied.* In an action brought by the buyer against defendants for the specific performance of the contract referred to in the foregoing paragraph, the plaintiff's failure to pay the purchase price within a reasonable time after defendants had obtained title and tendered the conveyances will defeat his recovery.

Appeal from Seward district court; GEORGE J. DOWNER, judge. Opinion filed July 5, 1919. Affirmed.

*J. W. Davis*, of Greensburg, *W. H. Vernon*, and *W. H. Vernon, jr.*, both of Larned, for the appellant.

*F. L. Martin*, of Hutchinson, and *G. W. Sawyer*, of Liberal, for the appellee.

The opinion of the court was delivered by

PORTER, J.: In an action for the specific performance of a contract for the sale and conveyance of land, there was a judgment for the defendants, from which the plaintiff has appealed.

The written contract was executed on August 2, 1915. The petition set out a copy of the contract and alleged that by its terms the defendants, "as agents for the owner or owners" of a certain section of real estate, agreed to sell and did sell and agreed to cause the land to be conveyed to the plaintiff for the consideration of $10,560, of which the plaintiff paid $1,000 at the time of the contract. It was alleged that the defendants, Coons and Jacobs, in violation of the terms of their contract

and with the intention of cheating and defrauding plaintiff out of the land, procured conveyances from the owners to be executed to them as grantees and placed the deeds on record, and now claim ownership; that plaintiff has at all times been ready to comply with his part of the contract, has performed all the conditions precedent on his part, and that upon delivery to him of sufficient deeds, he was ready and willing to pay the balance of the purchase price, which he brought into court and tendered to the defendants.

In their answer, defendants denied any intention to cheat and defraud the plaintiff, and alleged that when the contract was made he understood that they might have to buy the land, advance their money in payment, and turn the land to him as soon as the abstracts were furnished and the requirements of his attorney were complied with. They alleged that they furnished the deeds and abstracts of title within a reasonable time after the contract was made, and complied with the requirements in regard to the title; that they notified plaintiff they had forwarded the deeds and abstracts to a certain bank at Larned, as provided in the contract, for delivery upon his payment of the purchase money, with a request that he take up the deeds; but that after making such tender and repeatedly demanding that he comply with the terms of the contract, and after allowing him a reasonable and definite time to do so, he failed to perform his contract to pay the balance of the purchase money, and that by reason of his default the cash payment made by him was, in accordance with the terms of the contract, forfeited. The answer contained the allegation that the defendants faithfully carried out and performed all the conditions precedent on their part, and that prior to plaintiff's default they were ready, able and willing to complete the contract, and that because of his default they were deprived of the use of their money invested in the lands and taxes they had paid. The court tried the case without a jury; no findings of fact were made, but there was a general judgment in favor of defendants.

The plaintiff's main contention was raised by a demurrer to portions of the answer. His contention is, that the defendants, "in effect, admit in their answer that they were to procure title" to the land for him, and that "this is in effect an admission" that they were his agents to procure the land for

him; that under the terms of the contract, "and according to the terms of the fourth paragraph of their answer," defendants were plaintiff's agents for the purpose of conveying the title to him. It is insisted that the defendants have no right to speak of conditions precedent to be performed by them; and that if plaintiff failed to reimburse them, "then their remedy was an action for damages against him to recover the money they had spent."

The plaintiff concedes that there is only one question to be determined, and that is whether the defendants were his agents for the purpose of obtaining title for him to the land. Upon the theory that the contract and the evidence established that they were his agents, and that they took the land in their own name in violation of their trust as his agents, plaintiff relies upon the cases of *Rose v. Hayden,* 35 Kan. 106, 10 Pac. 554, and *Bryan v. McNaughton,* 38 Kan. 98, 16 Pac. 57, contending that on account of the circumstances a constructive trust arises in his favor, and that the purchase money advanced by the agents will be considered merely as a loan.

The contract, however, speaks for itself. It is plain and unambiguous. Coons and Jacobs are described therein as agents of the owner; who the owner or owners were is not disclosed. The petition was not drawn upon the theory that defendants were plaintiff's agents, but states in terms that they were agents of the owner or owners. The fact is, they were not agents either for the owners or for plaintiff. (*McMichael v. Land Co.,* 104 Kan. 778, 180 Pac. 778.) They expected to procure the title in themselves, and the evidence shows that they held some kind of options from the owners, but stipulated with plaintiff that they were under no obligation, to convey to him unless they succeeded in securing the title in themselves. In no sense were they agents for plaintiff; and the owners of the land were not parties to the contract, so that defendants were not their agents. On both points of law see *McMichael v. Land Co.,* supra.

The contract recites that Coons and Jacobs sell and agree to cause to be conveyed to Crane the land, and that in consideration of the conveyance he agrees to pay them a certain sum, of which $1,000 was paid in advance. Part of the balance was to be paid upon approval of the title by Crane, and the tender of good and sufficient deeds; the balance to be secured by a mort-

gage. The abstracts were to be forwarded to plaintiff's attorney at Larned for examination, and plaintiff was to have ninety days from the date of the contract to make final settlement. The abstracts were forwarded to the attorney, who made a quite technical objection to the title, which required defendants to obtain an outstanding quitclaim deed. This was procured within a reasonable time, although the delay resulted in plaintiff having, in addition to the ninety days stipulated in the contract, practically another ninety-days period before the contract was declared forfeited by defendants. Plaintiff never complained of the delay, and obviously was benefited by it, because his own evidence shows that he was not able at all the times to make payment of the balance of the purchase price. The quitclaim deed was sent to the attorney, and the title was approved by him on January 26. On January 31, Coons and Jacobs wrote to Crane calling his attention to the fact that the abstracts had been approved and that the deed was at the bank, and asking him to call there and make settlement. They stated in' the letter that they had had a hard time to get the title to meet with the approval of the attorney, and had been at a great deal of expense and were out the interest on their money, and were anxious to get the matter closed. The plaintiff did not take up the papers at the bank, nor even reply to this letter, and on February 7 Coons and Jacobs wrote reminding him that they had not received settlement for the land, and that the deed had been at the bank for several weeks. The letter notified him that they must receive settlement without fail before the 12th of the month; that they had purchased a good deal of land and had to have their money, or the deed would be returned. The plaintiff wrote them on February 10, saying that he had not been able to get his money together to make payment, but felt sure he would be able to make it in a short time, and mentioned a number of business transactions in which he had been disappointed in not receiving money. He stated that he was arranging to make a loan on some property through a Mr. Edwards at Plains, and that the defendants might ask Edwards about this, and then they could feel sure that they would get the money as soon as that loan was completed. He stated in the letter that if defendants could have had their title completed within the first ninety days fixed in the contract, he could have secured the money, and he asked them to wait a

while. On February 26 he again wrote defendants that the bank had notified him that the papers had been sent back; that he was sorry he could not get the money, but felt sure that the money would be there in thirty days, and asked defendants to return the papers, stating that his intentions were to pay just as soon as he could. On February 12, the bank returned the papers to the defendants, and it was not until sometime in May following that the plaintiff again demanded of defendants a conveyance of the land.

There was no evidence to sustain the allegations of fraud, or of any attempt on the part of defendants to cheat or defraud the plaintiff. Until February 12, they were offering to convey the land to the plaintiff according to the provisions of the contract and at the price which he agreed to pay.

It would be very difficult to apply the doctrine stated in *Rose v. Hayden* and *Bryan v. McNaughton,* supra, to the facts in the present case. The defendants did not wrongfully purchase the land for themselves, nor conceal that fact from the plaintiff. In accordance with the contract, they took the title in their own name, and the deeds and abstract of title placed in the bank for the plaintiff's examination and approval informed him that defendants had complied with their contract.

The judgment in favor of the defendants is abundantly sustained by the evidence, and amounts to a finding that the only breach of the contract was that of the plaintiff in his failure to pay the balance of the purchase money.

The judgment is affirmed.